OPINION
{¶ 1} Kenneth M. Rader appeals from the judgment of the Lake County Common Pleas court, which granted Carole S. Matthews's motion for default judgment. We affirm.
 {¶ 2} On November 15, 2002, Matthews filed an action against Rader (Matthews's nephew) and Roberta E. Paul[1] (Matthews's sister and Rader's mother). In this action, Matthews sought to invalidate an amendment to her mother's trust, allegedly made because of Rader's undue influence. Rader received service of the summons and complaint on November 21, 2002.
 {¶ 3} On January 2, 2003, Rader filed a stipulation for leave to plead for an additional thirty days. On January 30, 2003, Rader filed a pro se "Stipulation for Leave to Plead and Journal Entry" purportedly giving himself an additional thirty days to respond to the complaint. Neither Matthews nor her counsel agreed to this "stipulation," and it was not served on Matthews or her counsel. The trial court treated the "stipulation" as a motion for leave to plead and on February 7, 2003, entered an order stating, "Defendants shall have until February 21, 2003, to file answers or otherwise respond to plaintiff's complaint. No further extensions will be granted." Rader failed to file an answer or respond to the complaint.
 {¶ 4} On March 14, 2003, Matthews moved for default judgment. The motion was served on Rader and his former counsel. On May 6, 2003, Mathews filed an affidavit in support of her motion for default judgment.
 {¶ 5} On May 14, 2003, at 9:11 a.m., Rader, through counsel, filed an answer to the complaint. On the same day, at 2:33 p.m., the trial court put on an order stating in relevant part:
 {¶ 6} "On May 14, 2003 — nearly three months after the final deadline established by the court — Defendant Kenneth M. Rader filed an answer without seeking or obtaining leave of court to do so. The court finds that Defendant Kenneth M. Rader's attempt to file an answer without leave of court is a nullity, and that the defendants have not timely filed an answer or otherwise defended against the complaint."
 {¶ 7} The trial court then granted Matthews's motion for default judgment.
 {¶ 8} Rader filed a timely appeal from the trial court's judgment raising three assignments of error:
 {¶ 9} "[1.] The trial court committed prejudicial error by denying a pro se defendant-appellant, who made two appearances in the action, a hearing upon the plaintiff-appellee's motion for default judgment and affidavit in support and thereby prevented the case from being decided on its merits and violated defendant-appellant's due process rights.
 {¶ 10} "[2.] The trial court committed prejudicial error by granting a default judgment without a hearing and without requiring the plaintiff-appellee to provide the 7-day written notice mandated by Civil R. 55(A) to the pro se defendant-appellant who made two appearances in the action, and in failing to require plaintiff-appellee to give notice to the pro se defendant-appellant of any hearing on default and thereby prevented the case from being decided on its merits and violated the defendant-appellant's due process rights.
 {¶ 11} "The trial court committed prejudicial error by issuing a judgment entry of default which also ordered a nullity of the defendant-appellant's responsive answer filed by his counsel, and thereby prevented the case from being decided on its merits violating the defendant-appellant's due process rights."
 {¶ 12} We first consider Rader's third assignment of error. In this assignment of error, Rader argues the trial court erred in finding his answer to be a nullity. We disagree.
 {¶ 13} Civ.R. 12(A)(1) requires a defendant to serve his answer within 28 days after he has been served with the summons and complaint. Rader was served with the summons and complaint on November 22, 2002; thus, he had until December 20, 2002 to move or plead. On January 2, 2003, Rader filed a stipulation for leave to plead for an additional thirty days. In response to Rader's pro se "stipulation" filed January 30, 2003, the trial court granted Rader an extension to February 21, 2003 to file an answer. The order also stated no further continuances would be granted. Rader failed to file an answer or otherwise defend.
 {¶ 14} Matthews moved for default judgment on March 14, 2003. Two months later, at 9:11 a.m., May 14, 2003, Rader filed an answer. The trial court put on an order at 2:33 p.m. the same day holding Rader's answer to be a nullity and granting Matthews's motion for default judgment.
 {¶ 15} Civ.R. 6(B) grants trial courts discretion to extend the time within which an act must be performed. This rule provides:
 {¶ 16} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) uponmotion made after the expiration of the specified period permit the actto be done where the failure to act was the result of excusable neglect; * * *." (Emphasis added.)
 {¶ 17} Civ.R. 6(B)(2) is clearly applicable in this case because the time for Rader to file an answer had long since expired. Thus, the trial court could have granted Rader an extension of time to file his answer if Rader had moved for such an extension and demonstrated that his failure to file an answer within the time allowed was the result of excusable neglect. Rader failed to move for an extension of time and made no effort to demonstrate excusable neglect.
 {¶ 18} In Miller v. Lint, the Ohio Supreme Court held:
 {¶ 19} "While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ.R. 6(B), is not unlimited, and under the circumstances * * * some showing of `excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits.
 {¶ 20} "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment."[2]
 {¶ 21} The Ohio Supreme Court's holding in Miller is dispositive of the instant case. Rader failed to comply with the requirements of the Civil Rules and failed to demonstrate excusable neglect. Rader's answer was never properly filed; therefore, as the trial court concluded, it was a nullity.[3]
 {¶ 22} Appellant's third assignment of error is without merit.
 {¶ 23} In his first assignment of error, Rader argues the trial court erred by denying him a hearing on Matthews's motion for default judgment. We find no error.
 {¶ 24} Civ.R. 55(A) provides in relevant part:
 {¶ 25} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 26} Under Civ.R. 55(A), the trial court is not required to hold a hearing on a motion for default judgment, but may do so in its discretion.[4] In the instant case, no hearing was necessary because Matthews sought only declaratory judgment. Further, Rader never requested a hearing on the motion for default judgment. Thus, we conclude the trial court did not abuse its discretion when it ruled on Matthews' motion for default judgment without first conducting a hearing.
 {¶ 27} Appellant's first assignment of error is without merit.
 {¶ 28} In his second assignment of error, Rader argues the trial court erred in granting default judgment without requiring Matthews to provide seven days notice as required by Civ.R. 55(A) and without requiring Matthews to provide him notice of the hearing on the motion.
 {¶ 29} Civ.R. 55(A) requires the moving party to provide notice of the motion to any party who has appeared in the action, at least seven days prior to the hearing on the motion. Rader contends Matthews failed to comply with this requirement. We disagree.
 {¶ 30} Matthews filed her motion for default judgment on March 14, 2003. It is undisputed that Rader had appeared in the action, and thus was entitled to notice of the motion for default judgment. The record demonstrates Matthews served the motion on Rader and his former counsel. (Interestingly, Rader never explicitly argues that he was not served with the motion.) The trial court did not grant the motion for default judgment until May 14, 2003. Thus, Rader received 61 days notice of the motion for default judgment. Matthews clearly complied with the notice requirements of Civ.R. 55(A).
 {¶ 31} Appellant's second assignment of error is without merit.
 {¶ 32} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concurs, William M. O'Neill, J., dissents with Dissenting Opinion.
[1] Paul did not appear in the action and is not a party to this appeal.
[2] (1980), 62 Ohio St.2d 209, 214-215.
[3] Accord, Farmers Merchants State Savings Bank v. Raymond G.Barr Enterprises, Inc. (1982), 6 Ohio App.3d 43, 43-44 ("Nowhere by motion, memorandum, or argument does appellant advance a reason for failing to file an answer that would constitute `excusable neglect.' Indeed, the record is to the contrary to the existence of such.") T.S.Expediting Services, Inc. v. Mexican Industries, Inc., 6th Dist. No. WD-01-060, 2002-Ohio-2268; Thrower v. Olowo, 8th Dist. No. 81873, 2003-Ohio-2049, ¶ 17 ("In the case at hand, the record reflects that appellee William Olowo submitted his answer some 90 days after the expiration of the answer date and without leave of the court. Further, the lower court has yet to formally grant appellee William Olowo leave to file his answer. Second, before the lower court can grant leave to file the answer, appellee William Olowo must offer a showing of `excusable neglect' as a prelude to filing the answer, in accordance with Miller.
Failure to make such a showing and a subsequent grant of leave to file his answer by the lower court would undoubtedly be construed as an abuse of discretion pursuant to Miller.")
[4] Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 136.