{¶ 39} The standard of review in this case is abuse of discretion. In hundreds of prior decisions, this court has affirmed that an abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." See, e.g., Grundy v. Dhillon, 11th Dist. No. 2006-T-0007,2007-Ohio-2693, at ¶ 21. In the present case, the majority reverses the trial court's judgment because they "believe it is prudent * * * to conduct a hearing when, as in this case, the parties' pleadings directly contradict each other as to which party is at fault in the discovery dispute." *Page 11 
 {¶ 40} What the majority believes "prudent" is not the proper standard of review. I respectfully dissent.
 {¶ 41} In Matthews v. Rader, 11th Dist. No. 2003-L-092,2005-Ohio-3271, this court held that, "[u]nder Civ.R. 55(A), the trial court is not required to hold a hearing on a motion for default judgment, but may do so in its discretion." Id. at ¶ 26. InMatthews, this court noted that appellant never requested a hearing on the motion. Id. In the present case, Johnson Controls never requested a hearing.
 {¶ 42} The majority states that there is no evidence of willfulness or bad faith to support the imposition of default judgment. State ex rel.Dispatch Printing v. Johnson, 106 Ohio St.3d 160, 2005-Ohio-4384, at ¶ 49, citing Toney v. Berkemer (1983), 6 Ohio St.3d 455, at syllabus. I disagree. Johnson Controls was sanctioned for failing to attend a deposition and does not dispute that its original Answers to Interrogatories were unsworn. The record indicates that Johnson Controls' efforts to provide proper discovery were deficient as well as belated. The fact that Johnson Controls ultimately provided the requested discovery does not mitigate its prior, willful failure to comply.
 {¶ 43} Significantly, Johnson Controls does not argue the trial court erred by failing to hold a hearing, but, rather, the court erred by failing to give notice of a hearing. The issue of whether the lower court's decision to enter default judgment was supported by evidence of willfulness or bad faith is raised by the majority sua sponte. Johnson Controls did not raise this issue on appeal and neither party has briefed it.
 {¶ 44} In the present case, the trial court was in the best position to make a determination regarding Cadle Company's motion for default judgment, particularly based on the incomplete record Johnson Controls has provided this court. While the *Page 12 
majority may disagree with the lower court's ruling, it may not substitute its judgment for that of the trial court. Such substitution constitutes classic judicial activism.
 {¶ 45} For the foregoing reasons, I would affirm the decision of the court below. *Page 1