[Cite as *Graham v. Higgins*, 2010-Ohio-3674.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

NATHAN A. GRAHAM,

    PLAINTIFF-APPELLANT,            CASE NO.  5-09-39

    v.

PATTERSON W. HIGGINS,            O P I N I O N

    DEFENDANT-APPELLEE.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2005 CV 00218**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   August 9, 2010**

APPEARANCES:

    *Nathan A. Graham,* **Appellant**

    *Patterson W. Higgins*  **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Nathan A. Graham ("Graham") brings this appeal from the judgment of the Court of Common Pleas of Hancock County finding in favor of defendant-appellee Patterson Higgins ("Higgins"). For the reasons set forth below, the judgment is reversed.

{¶2} On April 8, 2005, Graham filed a complaint alleging professional misconduct stemming from Higgins' representation of Graham in a related civil case. The complaint alleged that Higgins had agreed to represent Graham in the case for a flat fee of $500, which included representation at trial and taking Graham's deposition. Higgins filed a motion to withdraw from his representation of Graham, which was granted. Higgins did not return the $500 paid to him and Graham sued to collect damages. Service of the summons and complaint was not successful until July 18, 2005.

{¶3} On September 12, 2005, Higgins filed his answer denying the allegations in the complaint. Graham filed a motion on September 22, 2005, to have Higgins answer stricken as untimely filed. On September 29, 2005, Graham filed a motion for default judgment. The trial court overruled these motions on October 25, 2005. The case proceeded to trial and on November 20, 2009, the trial court entered judgment in favor of Higgins. Graham appeals from the October 25, 2005, judgment and raises the following assignment of error.

> **The trial court erred and abused its discretion when it allowed [Higgins] to file an answer beyond rule date where there was no showing of "excusable neglect" and [Higgins] failed to comply with procedures outlined in Rule of Civil Procedure for late filing.**

**{¶4}** This court notes initially that Higgins has chosen not to file a brief in this matter.

> **(A) * * * The appellee shall serve and file the appellee's brief within twenty days after service of the brief of the appellant.**
>
> **\* \* \***
>
> **(B) * * * If an appellee fails to file the appellee's brief within the time provided by this rule * * * the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.**

App.R. 18.

**{¶5}** The sole assignment of error claims that the trial court erred by allowing the late answer filing. Once a defendant has received a summons he or she has 28 days to file their answer. Civ.R. 12(A). After the time to file an answer has expired, the answer may only be filed if the defendant files a motion requesting permission to file and where the failure was the result of excusable neglect. Civ.R. 6(B). An answer filed after the deadline without a motion seeking leave to file is a nullity because there is no showing of excusable neglect.

*Matthews v. Rader*, 11th Dist. No. 2003-L-092, 2005-Ohio-3271. "Allowing a defendant to file an answer out of rule without moving for leave to file and showing excusable neglect under Civ.R. 6(B) is an abuse of discretion." *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087, ¶8 (citing *Miller v. Lint* (1980), 62 Ohio St.2d 209, 404 N.E.2d 752 and *Davis v. Immediate Med. Serv., Inc.* (1997), 80 Ohio St.3d 10, 684 N.E.2d 292). Thus, the denial of a motion to strike an untimely answer filed without getting leave or showing excusable neglect is reversible error. Id. at ¶9.

{¶6} In this case, Higgins was served with the summons on July 18, 2005. He did not file his answer until September 12, 2005, fifty-six days after service. The record does not indicate that Higgins sought an extension of time to file his answer before the twenty-eight days had expired. The record also does not indicate that Higgins filed a motion seeking leave to file a late answer and setting forth excusable neglect. Graham filed his motion to strike the answer on September 22, 2005. Graham then filed a motion for default judgment on September 29, 2005. Higgins did not file any responses to either of these motions. On October 25, 2005, the trial court overruled Graham's motions. However, the trial court abused its discretion in denying the motion to strike the answer and in denying the motion for default judgment when the answer was filed out of rule, no motion requesting permission to file it had been filed, and no

showing of excusable neglect was made. The trial court also erred in denying Graham's motion for default judgment when the answer which was filed was a nullity. Thus, the first assignment of error is sustained.

**{¶7}** The judgment of the Court of Common Pleas of Hancock County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed*
*And Remanded*

**ROGERS and SHAW, J.J., concur.**

**/jlr**