[Cite as *JPMorgan Chase Bank, Natl. Assn. v. Muzina*, 2015-Ohio-4432.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2015-L-028** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| DARIO M. MUZINA, et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| FELICIA MUZINA, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CF 000457.

Judgment: Affirmed.

*Mark R. Butscha, Jr.* and *Stephen D. Williger,* Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, OH 44114-1291 (For Plaintiff-Appellee).

*Sam Thomas, III,* Sam Thomas, III and Associates, LLC, 1510 East 191st Street, Euclid, OH 44117 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Felicia Muzina, appeals the judgment of the Lake County Court of Common Pleas denying her Civ.R. 60(B) motion to vacate the court's prior foreclosure decree in favor of appellee, JPMorgan Chase Bank, N.A. At issue is

whether the trial court abused its discretion in denying appellant's motion to vacate. For the reasons that follow, we affirm.

{¶2} On July 17, 2003, Dario Muzina and his wife, appellant, obtained a mortgage loan from SIB Mortgage Corp. to purchase a parcel of real estate. In exchange for the loan, Mr. Muzina signed a promissory note in favor of SIB in the amount of $200,000. Subsequently, but before this action was filed, the note was endorsed in blank by SIB and Chase obtained possession of it.

{¶3} Also on July 17, 2003, in order to secure repayment of the debt, Mr. Muzina and appellant signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for the lender, SIB.

{¶4} The Muzinas failed to make the mortgage payment due for June 1, 2010, or any subsequent payment, and defaulted on the mortgage loan. After they failed to cure the default, the entire loan balance became due in the principal amount of $174,484, plus interest.

{¶5} On September 13, 2010, MERS assigned the mortgage to Chase.

{¶6} One and one-half year later, on February 22, 2012, Chase filed a foreclosure complaint against Mr. Muzina and appellant, alleging that Chase was the holder of a note and the assignee of the mortgage; that Mr. Muzina and appellant had defaulted on the note and mortgage; that Chase declared the full amount of the debt to be due in the principal amount of $174,484, plus interest; that Chase was entitled to judgment in this amount against Mr. Muzina on the note; and that Chase was entitled to foreclosure of the mortgage against Mr. Muzina and appellant. Chase attached copies of the note, mortgage, and mortgage assignment to the complaint.

{¶7} The case was referred to the court's mediation program; however, the parties did not reach a resolution of the matter.

{¶8} Although Chase obtained service of the complaint on appellant, *she never filed an answer or other responsive pleading.* As a result, the allegations of the complaint were deemed admitted by her. Civ.R. 8(D).

{¶9} Consequently, on January 10, 2013, Chase filed a motion for default judgment against them. Chase served each of them with the motion.

{¶10} Contemporaneous to the motion for default, on January 10, 2013, Chase filed the affidavit of its vice-president, Tracy Charlton, in support of its motion for default. In her affidavit, Ms. Charlton said that the note was endorsed in blank and that Chase is in possession of the original note and was in possession of it prior to and at the time Chase filed the complaint. Ms. Charlton said that the Muzinas were in default on the note and mortgage as neither the payment due for June 1, 2010, nor any subsequent payments were made and that the loan was never brought current. She said that the entire loan balance was due and that, as of November 15, 2012, the principal amount owed on the debt was $174,484, plus interest.

{¶11} *Appellant never filed a brief in opposition to Chase's motion for default judgment.*

{¶12} On January 22, 2013, two weeks after appellant was served with the motion for default judgment, the court granted the motion and entered a judgment and foreclosure decree against her and Mr. Muzina. In its entry, the court noted that, while the case was pending, Mr. Muzina filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio (Cleveland) and was

3

subsequently discharged and released from the debt owed to Chase on the subject note.

**{¶13}** *Appellant did not appeal the trial court's judgment and foreclosure decree.*

**{¶14}** Instead, some seven months after the trial court entered judgment against appellant, on August 26, 2013, she moved for mediation. The court denied the motion and the sheriff's sale was scheduled for September 16, 2013. One week before the sale, on September 9, 2013, appellant filed a motion to stay execution of judgment and a motion to vacate the default judgment pursuant to Civ.R. 60(B).

**{¶15}** The sheriff's sale proceeded as scheduled on September 16, 2013. Chase purchased the property and assigned its bid to Federal National Mortgage Association ("Fannie Mae").

**{¶16}** On October 10, 2013, the trial court referred appellant's motion to stay execution of judgment and motion to vacate to a magistrate for disposition.

**{¶17}** Chase filed a brief in opposition to appellant's motion to stay and motion to vacate.

**{¶18}** On February 18, 2015, the magistrate denied appellant's motion to stay and motion to vacate. The magistrate found that appellant was served with the complaint by certified mail on March 8, 2012, and by personal service on March 12, 2012. Thus, the magistrate found the court had personal jurisdiction over appellant and subject matter jurisdiction of this action.

**{¶19}** The magistrate found appellant's argument that she was unaware she had to file an answer was irrelevant because, despite her alleged ignorance of this requirement, she was obligated to file an answer to the complaint.

4

{¶20} The magistrate also found that Chase established its interest in both the note and mortgage before it filed the complaint. In support, the magistrate found that SIB was the original holder of the note; that SIB endorsed the note in blank; and that Ms. Charlton in her affidavit stated that Chase was in possession of the note when the complaint was filed. Thus, the magistrate found that Chase was the holder of the note when this action was filed. The magistrate also found that MERS was the original holder of the mortgage and, as nominee for SIB, assigned the mortgage to Chase before Chase filed this action.

{¶21} The magistrate thus recommended that appellant's motion to stay execution and motion to vacate the court's judgment and foreclosure decree be denied.

{¶22} *Appellant did not file any objections to the magistrate's decision.* On March 11, 2015, the trial court adopted the magistrate's decision in its entirety and denied appellant's motion to stay execution and motion to vacate the default judgment.

{¶23} On March 19, 2015, Mr. Muzina filed a notice of appeal of the trial court's judgment adopting the magistrate's decision. On the same date, Mr. Muzina filed a motion in this court to stay execution of judgment pending appeal. On April 8, 2015, this court denied the stay, citing the delay that had already occurred, which prevented Chase from executing on the court's judgment, and Mr. Muzina's failure to provide this court with any reasonable argument in support of a stay or any arguments suggesting there was a substantial likelihood of success on appeal.

{¶24} On May 18, 2015, appellant moved to amend the notice of appeal to substitute herself as the appellant due to an inadvertent mistake in naming Mr. Muzina, who had already been discharged on this debt in bankruptcy.

5

{¶25} Appellant asserts two assignments of error: For her first, she contends:

{¶26} "The trial court erred to the prejudice of the Appellant by granting and upholding the Default Judgment without providing proper constitutional notice of hearing and opportunity to the Appellant to be heard and defend the matter."

{¶27} Appellant argues her procedural due process rights were violated because she was not given notice of Chase's motion for default judgment or an opportunity to be heard on that motion. It is well settled that procedural due process mandates notice and an opportunity to be heard before judgment can be entered against a party. *Zamos v. Zamos*, 11th Dist. Portage No. 2004-P-0108, 2005-Ohio-6075, ¶19. Further, whether one has been accorded procedural due process is a question of law that we review de novo. *See LTV Steel Co. v. Industrial Comm'n*, 140 Ohio App.3d 680, 687 (10th Dist.2000).

{¶28} Civ.R. 55(A) provides in pertinent part:

{¶29} When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

{¶30} It is undisputed that appellant appeared in this action because she participated in mediation through the trial court's mediation program for several months before Chase filed its motion for default judgment. Thus, appellant was entitled to notice of Chase's motion for default judgment.

{¶31} The record demonstrates that appellant was given more than the required seven days notice of Chase's motion for default judgment before the court granted the

6

motion. Chase served appellant with the motion by regular U.S. mail on January 8, 2013, as evidenced by the certificate of service attached to the motion for default judgment. The court entered default judgment on January 22, 2013, which was 14 days after appellant was served with the motion for default. Thus, appellant received more than seven days notice of the motion for default judgment before the motion was granted. As a result, Chase complied with the notice requirements of Civ.R. 55(A).

{¶32} Next, appellant argues she was denied procedural due process because she was not given an oral hearing on the motion for default. However, this court has held that "[u]nder Civ.R. 55(A), the trial court is not required to hold a hearing on a motion for default judgment, but may do so in its discretion." *Matthews v. Rader*, 11th Dist. Lake No. 2003-L-092, 2005-Ohio-3271, ¶26. Thus, the trial court's decision not to hold a hearing on a motion for default judgment will only be reversed for an abuse of discretion. *Id.*

{¶33} The record discloses no abuse of discretion by the trial court in granting Chase's motion for default without an oral hearing. Chase served appellant with its motion for default judgment; she never opposed the motion; and she never requested an oral hearing on the motion. Further, Chase's motion for default was supported by the *undisputed* affidavit of its vice-president and other evidentiary materials demonstrating appellant's obligation under the mortgage; her default; Chase's acceleration of the debt; and the amount owed on the mortgage loan. Thus, the trial court did not abuse its discretion in not holding an oral hearing to take additional evidence before granting default judgment to Chase.

{¶34} Appellant's first assignment of error is overruled.

7

{¶35} For her second and final assigned error, appellant alleges:

{¶36} "The trial court erred to the prejudice of the appellant by entering judgment in favor of the appellee and denying the motion to set aside as the appellee failed to proffer competent, credible evidence to properly and sufficiently establish standing and that it was the real party in interest."

{¶37} Appellant never challenged Chase's standing while the case was pending in the trial court or in a direct appeal of the trial court's judgment and foreclosure decree. Instead, she raised the standing issue for the first time in her motion to vacate the court's judgment. Appellant argues that Chase did not have standing and, thus, the trial court lacked subject matter jurisdiction of this case. As a result, she argues the court's judgment and foreclosure decree was void and she could raise the standing issue at any time.

{¶38} However, this court has repeatedly rejected this argument. In *Fed. Home Loan Mortg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, this court held that because the debtors never pursued a direct appeal from the trial court's default judgment and foreclosure decree, they waived their ability to challenge the bank's standing to enforce the promissory note. *Id.* at ¶43.

{¶39} Further, in *Deutsche Bank Natl. Trust Co. v. Santisi*, 11th Dist. Trumbull No. 2013-T-0048, 2013-Ohio 5848, this court stated:

{¶40} Santisi's argument that the underlying judgment is void is incorrect. [*PNC Bank, Natl. Assn. v.*] *Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, 2012-Ohio-5383, ¶22 ("[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court") * * *. On this issue, [*Fed. Home Loan Mtge. Corp. v.*] *Schwartzwald*[, 134 Ohio St.3d 13, 2012-Ohio-5017,] stated that "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the

8

pendency of the proceedings." *Id.* at ¶22 * * *. The key words are "during the pendency of the proceedings." In *Countrywide Home Loans Servicing, L.P. v. Nichpor*, [136 Ohio St.3d 55, 2013-Ohio-2083,] the Ohio Supreme Court made it clear that after a judgment entry grants a decree of foreclosure and order of sale, the matter is no longer pending. *Id.* at syllabus. *Santisi* at ¶37.

{¶41} The Supreme Court of Ohio adopted the reasoning in *Koch* and *Santisi* in *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, in which the Supreme Court held: "lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment." *Id.* at ¶25. The Court in *Kuchta* further held: "the doctrine of res judicata applies to bar a party from asserting lack of standing in a motion for relief from judgment."

{¶42} Because appellant could have but failed to challenge Chase's standing in the trial court and in a direct appeal of the court's judgment and foreclosure decree, appellant was barred by the doctrine of res judicata from raising it in her motion to vacate or on appeal of the trial court's denial of that motion. For this reason alone, appellant's second assignment of error lacks merit.

{¶43} However, even if appellant's standing argument was properly before us, it would lack merit. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶44} Appellant argues that Chase failed to demonstrate it had standing. However, the magistrate in its decision denying appellant's motion to vacate found that Chase established it had an interest in both the note and mortgage prior to filing its foreclosure complaint and therefore had standing to file this action. As noted above,

9

appellant did not file any objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶45} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997).

{¶46} Appellant does not identify any alleged plain error and we discern no error, let alone plain error, in the magistrate's finding that Chase established it had standing. As a result, because appellant did not file an objection to this finding, she is precluded from challenging the trial court's adoption of it on appeal.

{¶47} Appellant also argues that the assignment of the mortgage from MERS to Chase was flawed because, for various reasons, MERS lacked authority to transfer it, and, thus, Chase did not have an interest in the mortgage. However, the magistrate found that appellant did not have standing to challenge the mortgage assignment because the assignment did not impact her loan obligations. As there was no plain error, by failing to object to this finding, appellant waived the right to challenge it on appeal.

{¶48} This court has held that a mortgage debtor, such as appellant, lacks standing to challenge the validity of the assignment of the mortgage. *Waterfall Victoria*

10

*Master Fund v. Yeager*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, ¶21. In *Waterfall*, this court said that its holding was based on the recognition that "an assignment does not alter the mortgage debtor's obligations under the note or mortgage and that the foreclosure complaint is based on the debtor's default under the note and mortgage - not because of the mortgage assignment." *Id*. at ¶25.

{¶49} Pursuant to this court's holding in *Waterfall*, appellant does not have standing to challenge the mortgage assignment at issue here.

{¶50} Appellant's second assignment of error is overruled.

{¶51} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.