[Cite as *Girard Zoning Dept. v. Wolfe*, 2023-Ohio-3301.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

GIRARD ZONING DEPARTMENT,
CITY OF GIRARD,

        Plaintiff-Appellant,

- vs -

ZACHARY WOLFE,

        Defendant-Appellee.

CASE NO. 2022-T-0119

Civil Appeal from the
Girard Municipal Court

Trial Court No. 2022 CVH 00517

# **O P I N I O N**

Decided: September 18, 2023
Judgment: Affirmed

*Brian C. Kren*, Girard Law Director, 409 Harmon Ave., N.W., P.O. Box 1190, Warren, OH 44482, and *Devon A. Stanley*, Assistant Girard Law Director, P.O. Box 172, Niles, OH 44446 (For Plaintiff-Appellant).

*Robert L. Root, III*, 175 Franklin Street, S.E., Warren, OH 44481 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, City of Girard ("Girard"), appeals the trial court's judgment vacating the Girard City Zoning Department's complaint which ordered Appellee, Zachary A. Wolfe ("Wolfe"), to remove his dogs pursuant to Section 505.14 of the Girard Codified Ordinances (GCO) and determining that GCO Section 505.14 conflicts with R.C. 955.11(A)(1) and exceeds Girard's home rule authority. For the following reasons, we affirm.

**{¶2}** The following facts are derived from the statement of evidence or proceedings submitted pursuant to App. R. 9(C):

**{¶3}** On June 23, 2022, Girard sent a Notice of Complaint to Wolfe which noted lawn maintenance requirements and informed Wolfe of the prohibition of owning pit bull terriers in the City of Girard.

**{¶4}** GCO 505.14 (a) provides: "[n]o person shall own, keep, or harbor a pit bull terrier, as defined herein, or any other type of vicious dog within the Municipal limits of the City of Girard." The ordinance further defines "pit bull terrier" as "any Staffordshire Bull Terrier or American Staffordshire Terrier breed of dog, or any mixed breed of dog which contains as an element of its breeding the breed of Staffordshire Bull Terrier or American Staffordshire Terrier as to be identifiable as partially of the breed of Staffordshire Bull Terrier or American Staffordshire Terrier by a qualified veterinarian duly licensed as such by the State of Ohio."

**{¶5}** Wolfe filed a request for hearing pursuant to R.C. 955.222(C) in the Girard Municipal Court on July 12, 2022. Wolfe first alleged that his two pit bull terriers are emotional support animals and exempt from the city's ordinance which prohibits pit bull terriers within the city limits as codified in Section 505.14 of the Girard Codified Ordinances.

**{¶6}** A probable cause hearing was held on September 23, 2022. At the hearing, Wolfe proffered copies of letters from a clinical psychologist licensed in the State of Ohio asserting that Wolfe's dogs are emotional support animals under the Americans with Disabilities Act, the Fair Housing Act, and the Rehabilitation Act of 1973. According to Girard's Ap. R. 9(C) statement of facts, Wolfe also argued that Section 505.14 of the

2

Girard Codified Ordinances banning pit bulls is unconstitutional. Girard objected to the letters and argued that the local ordinance is valid. Both parties submitted post hearing briefs which also addressed these arguments.

{¶7} On November 11, 2022, the trial court held Section 505.14 of the Girard Codified Ordinances conflicts with R.C. 955.11(A)(1) and exceeds Girard's home rule authority. The trial court did not initially address the admissibility of the proffered letters.

{¶8} Upon limited remand, the trial court amended the judgment entry to reflect that it sustained Girard's objection to the letters. The trial court stated it "need not address the issue as to whether or not the dogs at issue are emotional support animals * * * as the Court has ruled the Girard City Ordinance * * * is unconstitutional."

{¶9} Girard appeals and raises the following assignments of error:

{¶10} [1] "The trial court committed reversible error in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 16 of the Ohio Constitution by rendering a dispositional, substantive order without affording Plaintiff-Appellant, the City of Girard, notice and an opportunity to be heard."

{¶11} [2] "The trial court committed prejudicial error in holding that Ohio Revised Code Chapter 955, as amended by 2012 House Bill 14, is a general law (Judgment Entry dated 11/11/2022."

{¶12} [3] "The trial court committed prejudicial error in holding that Girard Codified Ordinance 505.14 is in conflict with Ohio Revised Code Chapter 955, as amended by 2012 House Bill 14 (See Judgment Entry dated 11/11/2022)."

Case No. 2022-T-0119

{¶13} Girard first asserts that the trial court failed to give Girard notice or afford Girard an opportunity to be heard prior to rendering a dispositional and substantive order finding GCO 505.14 unconstitutional. We disagree.

{¶14} Parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution. *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986), quoting *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347, 199 N.E. 355 (1936), paragraph five of the syllabus. "[T]he Supreme Court of the United States [has] held that '[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *PHH Mtge. Corp. v. Prater*, 133 Ohio St.3d 91, 2012-Ohio-3931, 975 N.E.2d 1008, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Whether one has been accorded procedural due process is a question of law that we review de novo. *JPMorgan Chase Bank, Natl. Assn. v. Muzina*, 11th Dist. Lake No. 2015–L–028, 2015-Ohio-4432, ¶ 27; LTV Steel Co. v. Industrial Comm'n, 140 Ohio App.3d 680, 687 (10th Dist.2000).

{¶15} When Wolfe filed his request for hearing in the Girard Municipal Court, he "advise[d] that his animals are support animals approved by his physician and America Service Pets * * *." Wolfe did not allege in his initial request for hearing that GCO Section 505.14 was unconstitutional.

4

Case No. 2022-T-0119

{¶16} However, a review of the record and the App. R. 9(C) statement submitted by Girard demonstrates that Wolfe did raise the argument that the ordinance was unconstitutional in some fashion during the September 23, 2022 hearing. The App.R. 9(C) statement reads "Counsel for [Wolfe] further argued that the City of Girard's pit bull ban is unconstitutional under the holding in *Russ v. City of Reynoldsburg*, 2017-Ohio-1471." Girard's post-hearing brief also confirms that this argument was lodged by Wolfe at the hearing before the trial court. Therefore, Girard was on notice of Wolfe's contention that GCO 505.14 is unconstitutional.

{¶17} Indeed, Girard briefly addressed the constitutionality argument in their post-hearing submission to the trial court. As such, the record demonstrates that Girard had notice of the claim and was given an opportunity to be heard. Thus, the first assignment of error is overruled.

{¶18} In the second and third assignments of error, Girard alleges that the trial court erred in holding R.C. 955 is a general law and that Girard Codified Ordinance 505.14 is in conflict R.C. 955, as amended by 2012 House Bill 14. We disagree.

{¶19} The constitutionality of a statute or ordinance is a question of law and is therefore reviewed under a de novo standard and without deference to the lower court. *City of Cleveland v. State*,157 Ohio St. 3d 330, 334, 2019-Ohio-3820,136 N.E.3d 466 citing *Crutchfield Corp. v. Testa*, 151 Ohio St.3d 278, 2016-Ohio-7760, 88 N.E.3d 900, ¶ 16; *Toledo, Columbus & Ohio River RR. Co. v. Miller*, 108 Ohio St. 388, 140 N.E. 617 (1923), paragraph two of the syllabus. In determining the constitutionality of an ordinance, courts are to presume the constitutionality of lawfully enacted legislation. *Akron v. Molyneaux*, 144 Ohio App.3d 421, 426, 760 N.E.2d 461 (9th Dist. 2001), citing *Univ. Hts.*

5

*v. O'Leary*, 68 Ohio St.2d 130, 135, 429 N.E.2d 148 (1981). The challenger must establish that the legislation is unconstitutional beyond a reasonable doubt. *Id.*

**{¶20}** In the court below, Wolfe relied upon the Fifth District Court of Appeals decision in *Russ v. City of Reynoldsburg*, 5th Dist. Licking No. 16-CA-58, 2017-Ohio-1471, 81 N.E.3d 493. In a factually similar case, the Fifth appellate district concluded "that Revised Code Chapter 955 is a general law and that the Ordinances at issue [prohibiting pit bulls] in this case conflict with state law and exceed appellee's authority under the Home Rule Amendment." The trial court in the instant case adopted this reasoning and made a similar finding.

**{¶21}** Upon review, this Court agrees with the Fifth District Court of Appeals and adopts its holding in *Russ*.

**{¶22}** Article XVIII, Section 3 of the Ohio Constitution provides: "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." However, this authority is not without limit.

**{¶23}** "'A state statute takes precedence over a local ordinance when (1) the ordinance is in conflict with the statute, (2) the ordinance is an exercise of the police power, rather than of local self-government, and (3) the statute is a general law.'" *Russ, supra* at ¶ 10 citing *Canton v. State of Ohio*, 95 Ohio St.3d 149, 151, 2002-Ohio-2005, 766 N.E.2d 963.

**{¶24}** It has been determined that regulations addressing the ownership and control of dogs are legitimate exercises of police power. *Russ, supra* ¶ 19 citing *State v. Anderson*, 57 Ohio St.3d 168, 170, 566 N.E.2d 1224. *Youngstown v. Traylor*, 123 Ohio

6

St.3d 132, 2009-Ohio-4184, 914 N.E.2d 1026. As such, this Court has been asked to review whether GCO 505.14 conflicts with R.C. Chapter 955 and whether R.C. Chapter 955 is a general law.

{¶25} When evaluating whether a statute is a general law, the Ohio Supreme Court has set forth the following four-part test in *Canton, supra*:

> "To constitute a general law for purposes of home-rule analysis, a statute must (1) be part of a statewide and comprehensive legislative enactment, (2) apply to all parts of the state alike and operate uniformly throughout the state, (3) set forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and (4) prescribe a rule of conduct upon citizens generally." [*Canton*] at syllabus.

*Russ* at ¶ 12.

{¶26} R.C. Chapter 955 sets forth the law in Ohio concerning dogs and is therefore part of a statewide and comprehensive legislative enactment which applies to all parts of the state alike and operates uniformly satisfying the first two prongs of the *Canton* test.

{¶27} In regards to the third prong of the *Canton* test, R.C. Section 955 sets forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations police, sanitary, or similar regulations.

{¶28} Girard states that "no similar language in Chapter 955 prohibits municipalities from regulating dogs based on breeds." Indeed, R.C. 955.22 contains no language which specifically grants or limits municipal action. As such, R.C. Chapter 955 does not purport to grant or limit the legislative power of a municipality.

7

Case No. 2022-T-0119

**{¶29}** Finally, Section 955 prescribes a rule of conduct upon citizens generally as it relates to all dog owners which satisfies the fourth prong of the *Canton* test. Based on the foregoing, we find that R.C. Chapter 955 is a general law. Thus, Girard's second assignment of error is overruled.

**{¶30}** Now that we have determined that R.C. Chapter 955 is a general law, we must now determine if a conflict exists between the state statute and the local ordinance. A conflict exists between a state statute and a local ordinance when the state statute "positively permit[s] what the ordinance prohibits, or vice versa, regardless of the extent of state regulation concerning the same object." *Cincinnati v. Hoffman*, 31 Ohio St.2d 163, 169, 285 N.E.2d 714 (1972).

**{¶31}** Prior to the amendment, R.C. 955.11(6)(a)(iii) had defined a "vicious dog" as one that "[b]elongs to a breed that is commonly known as a pit bull dog. The ownership, keeping, or harboring of such a breed of dog shall be prima-facie evidence of the ownership, keeping, or harboring of a vicious dog." In 2012, R.C.955.11 was amended and the breed specific language was removed from the definition of a vicious dog. The statute now defines a vicious or dangerous dog by the conduct or behavior of the animal which applies equally to all breeds.

**{¶32}** In contrast, GCO 505.14 automatically, by default, classifies pit bulls as a dangerous or vicious dog based solely on breed; thus, altering the definition of a dangerous or vicious dog as set forth in the Revised Code.

**{¶33}** GCO 505.14 is captioned as "DANGEROUS OR VICIOUS DOGS." Subsection (a) provides: "[n]o person shall own, keep, or harbor a pit bull terrier, as defined herein, or any other type of vicious dog within the Municipal limits of the City of

8

Girard." GCO 505.14 (b) defines a "pit bull terrier." The definition of a pit bull terrier as provided in GCO 505.14(b) does not otherwise indicate if a pit bull by default should be classified as a vicious dog, a dangerous dog, or both. In light of the prior version of R.C. 955.11 which did contain breed-specific language, it is likely that pit bulls were considered "vicious," however, this Court will review both definitions.

{¶34} The Girard Ordinance does not include a definition for "dangerous dogs;" however, GCO 505.14 (c) defines a "vicious" dog as:

> (1)   Any dog with a propensity, tendency or disposition to attack, to cause injury or to otherwise endanger the safety of human beings or other domestic animals; or
>
> (2) Any dog which attacks a human being or another domestic animal one or more times without provocation."

{¶35} This definition is more expansive than the definition of vicious dog provided by the Revised Code which states: "'[v]icious dog' means a dog without provocation and subject to division (A)(6)(b) of this section, has killed or caused serious injury to any person. R.C. 955.11 (6)(a)."   It is also broader that the Revised Code's definition of a dangerous dog which defines a "[d]angerous dog" as "a dog that, without provocation, and subject to division (A)(1)(b) of this section, has done any of the following: (i) Caused injury, other than killing or serious injury, to any person; (ii) Killed another dog; (iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code."

{¶36} It is clear by review of GCO 505.14, that the terms for dangerous and vicious dogs are broader than those provided in R.C. Section 955. Hence, it is abundantly clear that R.C. Chapter 955 "positively permit[s] what the ordinance prohibits." *Cincinnati v.*

9

*Hoffman*, 31 Ohio St.2d 163, 169, 285 N.E.2d 714 (1972). As such, this Court concludes that GCO 505.14 is in conflict with R.C. Chapter 955. As the trial court did not err in this determination, the Court overrules appellant's second and third assignments of error.

{¶37} For the reasons set forth above, the judgment of the Girard Municipal Court is hereby affirmed.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2022-T-0119